IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cedrico Antwon Childers,  )<br>  )<br>  Plaintiff,  )<br>  )<br> vs.  )<br>  )<br> Officer Proffrin, Officer Bethea, Scotty  )<br> Bodiford, Joe Kernell,  )<br>  )<br>  Defendants.  ) | Case No.: 8:25-cv-02487-JD-WSB<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 14), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of *pro se* Plaintiff Cedrico Antwon Childers's ("Plaintiff" or "Childers") pleadings.[1]

**A. Background**

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple defendants arising

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

from events that allegedly occurred while he was housed at the Greenville County Detention Center. (DE 1.) Specifically, Plaintiff alleges that Officer Proffrin closed his arm in an electrical gate and, along with Officer Bethea, failed to render medical assistance following the incident. (*Id.* at 4–6.) Plaintiff further alleges he sustained a chipped bone in his right shoulder and continues to experience ongoing pain. (*Id.* at 6.) He claims that although he was seen by an orthopedic physician and received X-rays, he was informed that surgery could not be performed. (*Id.*)

In his Complaint, Plaintiff also named Scotty Bodiford, the jail administrator, and Joe Kernell, the county administrator, as defendants. However, the Complaint does not allege any specific acts or omissions by either Bodiford or Kernell that plausibly state a claim for relief under § 1983. (*Id.* at 3, 9.)

### B. Report and Recommendation

On April 18, 2025, the Magistrate Judge issued a Report and Recommendation recommending that Defendants Bodiford and Kernell be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted. (DE 14 at 4–5.) The action was permitted to proceed against Officers Proffrin and Bethea. (*Id.* at 1.) Plaintiff timely filed an objection to the Report and Recommendation on May 1, 2025. (DE 21.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted

by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation that Defendants Scotty Bodiford and Joe Kernell be dismissed from this action. (DE 21.) However, Plaintiff's objections fail to identify any factual or legal error in the Report and Recommendation. As the Magistrate Judge properly concluded, the Complaint contains no allegations indicating that either Bodiford or Kernell were personally involved in the events giving rise to Plaintiff's claims. Mere inclusion of their names in the caption of the Complaint or in reference to their supervisory positions is insufficient to state a plausible claim for relief under § 1983. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

With respect to Defendant Bodiford, the Complaint references a grievance submitted to him after the incident. (DE 1 at 9.) Such an allegation is inadequate to

3

establish personal participation or supervisory liability under governing precedent. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (outlining elements for supervisory liability under § 1983); *see also Jackson v. Spartanburg Cnty. Det. Ctr.*, No. 5:23-cv-476-JD-KDW, 2024 WL 3655392, at *5 (D.S.C. May 30, 2024), R&R adopted, 2024 WL 3653851 (D.S.C. Aug. 5, 2024). Plaintiff has not pleaded facts suggesting that Bodiford had actual or constructive knowledge of a pervasive risk of harm or that any inaction was causally linked to Plaintiff's alleged injuries.

Similarly, the Complaint is silent as to any action or omission by Defendant Kernell. The absence of any factual allegations against Kernell supports the Magistrate Judge's conclusion that the claims against him must be dismissed. *See Gibson v. Foster*, No. 5:17-cv-01333-JMC-KDW, 2017 WL 7355301, at *2 (D.S.C. Aug. 7, 2017), R&R adopted, 2018 WL 690060 (D.S.C. Feb. 1, 2018).

Plaintiff's objection reiterates his injury and dissatisfaction with medical care but does not cure the fundamental pleading deficiencies as to Bodiford and Kernell. Accordingly, the objections are without merit and are overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 14) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants Scotty Bodiford and Joe Kernell are **DISMISSED** from this action without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A. The case shall proceed solely against Defendants Officer Proffrin and Officer Bethea.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 23, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.