IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON GREENWOOD DIVISION

| | | |
|---|---|---|
| Cedrico Antwon Childers, | ) | Case No.: 8:25-cv-2487-JD-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Wayne Coffrin, Jamarius Bethea, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 77), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Defendants Wayne Coffrin and Jamarius Bethea (collectively "Defendants") Motion for Summary Judgment (DE 55) and recommends that the Motion be granted.[1] (DE 77.)

**A.    Background**

The Court incorporates the factual and procedural background set forth in the Report and Recommendation (DE 18). A brief summary is provided for context.

Plaintiff Cedrico Antwon Childers, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging constitutional

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

violations arising from an incident in which his arm was closed in an electrical gate at the Greenville County Detention Center. (DE 1.) Although Plaintiff references the Eighth Amendment, his claims are properly analyzed under the Fourteenth Amendment because he was a pretrial detainee at the time of the alleged incident.

On August 29, 2025, Defendants filed a Motion for Summary Judgment, asserting that Plaintiff's claims fail as a matter of law, Defendants did not violate Plaintiff's constitutional rights or act with deliberate indifference, and that Defendants are entitled to qualified immunity. (DE 55.) Because Plaintiff is proceeding *pro se*, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the potential consequences of failing to respond adequately. (DE 57.) Plaintiff filed a response in opposition (DE 65), and Defendants filed a reply (DE 69).

## B.    Report and Recommendation

On January 6, 2026, the Magistrate Judge issued the Report recommending that Defendants' Motion for Summary Judgment (DE 55) be granted and that this action be dismissed. (DE 77.)

As set forth in the Report, the Magistrate Judge concluded that Plaintiff failed to present evidence sufficient to establish that Defendants were deliberately indifferent to a serious medical need. The Report determined that the record reflects Plaintiff received medical evaluation and treatment following the incident and that any disagreement regarding the adequacy of care does not rise to the level of a constitutional violation. The Magistrate Judge further found that Plaintiff failed to

demonstrate a genuine dispute of material fact regarding Defendants' alleged deliberate indifference and that, in any event, Defendants are entitled to qualified immunity.

Accordingly, the Report recommends entry of summary judgment in favor of Defendants and dismissal of the action.

**C.    Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.     Conclusion**

Accordingly, after a careful and thorough review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 77) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Defendants' Motion for Summary Judgment (DE 55) is GRANTED.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 18, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.